NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>K. HOVNANIAN ENTERPRISES, INC. et al.<br>Defendants. | Civil Action No. 3:10-cv-6258 (PGS)<br><br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court upon the motion of Defendants K. Hovnanian Enterprises, Inc., Hovnanian Enterprises, and K. Hovnanian Port Imperial Urban Renewal, Inc. (collectively, "Defendants") to either dismiss or stay this case. Additionally, with leave, the Port Imperial Condominium Association, Inc. (the "PICA") and the Port Imperial Property Owners Association (the "PIPOA") filed a brief *amici curiae* in support of Defendants' motion as well as a motion to intervene in the within matter. Plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa., and AIU Insurance Company oppose Defendants' motion. Having considered the parties' submissions and heard oral arguments, this Court renders the following decision.

I.  BACKGROUND

This action involves an insurance coverage dispute related to three underlying actions that are currently pending in the Superior Court of New Jersey, Law Division, Hudson County: (1)

*Port Imperial Condo. Ass'n, Inc. v. K. Hovnanian Port Imperial Urban Renewal, Inc., et al.* ("the PICA action"); (2) *Port Imperial Property Owners Ass'n, Inc. v. K. Hovnanian Enters., Inc. et al.* ("the PIPOA action"); and (3) *Patel v. Port Imperial Condo. Ass'n, Inc., et al.* ("the Patel action")[1] (collectively the "state actions").  The state actions each involve allegations of construction defects against Defendants as the developer and contractor for Port Imperial, a residential condominium development.

During the pendency of the state actions, Plaintiffs, both of whom issued insurance policies to Defendants, filed a complaint with this Court on December 2, 2010 seeking a declaratory judgment from this Court that they are not liable under the insurance policy to cover certain monetary damages that are the result of alleged construction defects by the defendants or the subcontractors that defendants hired for the project. Plaintiffs assert that federal subject-matter jurisdiction exists in this case based upon the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332, and are seeking declaratory relief pursuant to the federal Declaratory Judgment Act.  28 U.S.C. § 2201.  On February 11, 2011, Defendants filed a motion to dismiss in lieu of an answer, arguing that Plaintiffs had failed to join one of the insurers who is an indispensable party whose joinder would destroy diversity jurisdiction.  The Hon. Garrett E. Brown, Jr. denied that motion and the Defendants filed its answer, affirmative defenses, and counterclaims.

The Defendants filed the present motion to dismiss or stay this action in favor of allowing all issues to be resolved in the underlying state actions.  Port Imperial Condominium Association, Inc. ("PICA") and the Port Imperial Property Owners Association, Inc. ("PIPOA") were granted leave to file an *amici curiae* brief in support of Defendants' motion.  Simultaneous with the

---

[1] The Patel Action is now consolidated with the PICA action.

filing of this motion in May 2011, Defendants also filed a complaint in New Jersey Superior Court, Middlesex County for a declaratory judgment that there is coverage under the Plaintiffs' policies if defendants are held liable in the underlying state action.

## II.   DISCUSSION

Defendants argue that this Court has discretion to decline exercise of its jurisdiction over Plaintiff's declaratory judgment action pursuant to the federal Declaratory Judgment Act. 28 U.S.C. § 2201. Generally, a district court has discretion to exercise its jurisdiction in a declaratory judgment action when there is another case presented in state court on the same issues, involving the same parties and not governed by an issue of federal law. *Brillhart v. Excess Ins. Co. Of America*, 316 U.S. 491, 494 (1942). In deciding whether to stay or dismiss an action, a district court should first determine the scope of the state court proceedings, the nature of available defenses, whether the claims of all parties can be adjudicated in state court, and if all necessary parties have been joined and agree to jurisdiction in state court. Id. at 495. This standard established in *Brillhart* was later reaffirmed in *Wilton v. Seven Falls Company,* 515 U.S. 277, 287 (1995) where the Court held that "the Declaratory Judgment Act is 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant," and the district court should "yield to considerations of practicality and wise judicial administration." *Id.* at 283.

In cases like the present matter where the complaint does not raise a federal question, but does raise a question of state law that state courts are fully able and prepared to resolve, the Court should follow a "general policy of restraint" to promote judicial efficiency and avoid duplicative

3

litigation.  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).

Applying the aforementioned standard to the present matter, the Court concludes that sound discretion demands abstention and dismissal of this action for the following reasons: The declaratory judgment involves an issue of state insurance law, two of the state actions have been pending since 2006 and 2008, the declaratory relief Plaintiffs seek will have a substantial effect on the underlying state actions of which PIPOA and PICA are already parties in those actions, and the Defendants have also represented during oral arguments that other insurance carriers could potentially be brought into this case.  However, the court notes that judicial economy is not promoted unless the Defendants' declaratory judgment action filed in Middlesex County is transferred to Hudson County before the same judge, who is familiar with the case, and is capable of resolving  all claims among the parties.

In further support of its position, Defendants relied on *AIU Ins. Co. v. K. Hovnanian at Newark Urban Renewal Corp. III, Inc.*, 2011 U.S. Dist. LEXIS 45329 (2011) where the court in this District recently declined jurisdiction in a declaratory judgment action. In that case, which presented similar issues to those currently before this Court, Judge Cooper considered *sua sponte* whether the exercise of federal jurisdiction was appropriate.  Ultimately, Judge Cooper declined to exercise federal jurisdiction because that case: (1) involved issues of state insurance law; (2) concerned issues that had been or likely would be raised in the underlying state court action; and (3) could be more easily and efficiently adjudicated by the same judge overseeing the state action.  *Id.* at 3.  Those same factors are present in this case, and as Judge Cooper similarly concluded, militate abstention.  Therefore, the Court will decline jurisdiction, and the Plaintiffs' declaratory judgment action will be adjudicated in state court.

**ORDER**

**IT IS** on this 13th day of October, 2011

**ORDERED** that Defendants' motion to dismiss is granted; and it is further

**ORDERED** that PIPOA and PICA's motion to intervene is dismissed; and it is further

**ORDERED** that the Clerk is directed to close this case accordingly.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

October 13, 2011